UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KRIKOR ARAM OHANESSIAN, et al.,<br><br>　　　　Defendants. | Case No. 19-cv-07183-SK<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO DECLINE SUPPLEMENTAL JURISDICTION**<br><br>Regarding Docket No. 11 |

This matter comes before the Court upon consideration of the motion to dismiss filed by Defendants Krikor Aram Ohanessian, Jennifer Anne Monahan Ohanessian, and C&F Restaurant (collectively referred to as "Defendants"). Having carefully considered the parties' papers, relevant legal authority, and the record in the case, and having had the benefit of oral argument, the Court hereby GRANTS IN PART AND DENIES IN PART Defendants' motion for the reasons set forth below.

## BACKGROUND

Plaintiff Brian Whitaker ("Plaintiff") alleges that in September 2019, he went to the restaurant China Fun Express located at 211 Kearny Street in San Francisco, California, which is owned by Defendants. (Dkt. No. 1, ¶¶ 2-7, 12.) Plaintiff further alleges that he suffers from a C-4 spinal cord injury, is a quadriplegic, and uses a wheelchair for mobility. (*Id*., ¶ 1.) He states that on the date of his visit, Defendants "failed to provide accessible dining surfaces." (*Id*., ¶ 14.) Plaintiff does not allege facts to explain how the dining surfaces were inaccessible. Plaintiff brings a claim for injunctive relief under the Americans with Disabilities Act ("ADA") and a claim for damages under the California Unruh Act, California Civil Code Section 51, *et seq*.

///

///

**ANALYSIS**

**A.  Applicable Legal Standard on Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted.  On a motion to dismiss under Rule 12(b)(6), the Court construes the allegations in the complaint in the light most favorable to the non-moving party and takes as true all material allegations in the complaint.  *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986).  Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Rather, a plaintiff must instead allege "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).  If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile.  *See, e.g. Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Lieche, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**B.  Defendants' Motion to Dismiss.**

Defendant moves to dismiss Plaintiff's claims on the ground that Plaintiff fails to allege facts sufficient to state a claim under the ADA or the Unruh Act.  Namely, Plaintiff alleges the legal conclusion that Defendants failed to provide accessible dining surfaces but fails to allege any facts which, if true, would demonstrate this legal conclusion.  The Court agrees.  Plaintiff fails to allege where the purported barrier is located, in what manner the surface is inaccessible, and how Plaintiff was denied full and complete access to the restaurant's services.  *Cf. Whitaker v. Reeder*, 2019 WL 6331386 (C.D. Cal. July 12, 2019) (finding allegation that defendant failed to provide

accessible dining tables was insufficient to establish standing because he did not "allege[] what the barrier was (*i.e.*, what was wrong with the table) and how Plaintiff's disability was affected by the barrier (*i.e.*, how Plaintiff personally suffered)."). Therefore, the Court GRANTS Defendants' motion to dismiss with leave to amend.

**C.    Defendants' Alternative Motion to Decline Supplemental Jurisdiction over Unruh Act Claim.**

Alternatively, Defendants move the Court to decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state-law claim under the Unruh Act. Although the Court is granting Defendants' motion to dismiss, the Court will address this alternative argument to provide guidance if Plaintiff elects to file an amended complaint.

28 U.S.C. § 1367(a) provides that:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

State-law claims form part of the same case or controversy as federal claims "when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agr. Ass'n*, 387 F.3d 850, 855-56 (9th Cir. 2004) (quoting *Trs. of the Constr. Indus. & Laborers Health & Welfare v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir.2003)). Here, Plaintiff's claims under the ADA and the Unruh Act derive from the same common nucleus of operative facts – Plaintiff's visit to the restaurant and the allegation that the dining surfaces were inaccessible. Therefore, the Court shall exercise supplemental jurisdiction unless there is an applicable exception under Section 1367(c). *See Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1028 (S.D. Cal. 2017) ("Supplemental jurisdiction is mandatory unless prohibited by § 1367(b), or unless one of the exceptions in § 1367(c) applies.").

A district court may decline to exercise supplemental jurisdiction over state-law claims pursuant to Section 1367(c) where: (1) a novel or complex issue of state law is raised; (2) the claim substantially predominates over the federal claim; (3) the district court dismisses the federal

3

claims; or (4) under exceptional circumstances. *See* 28 U.S.C. § 1367(c). In order to make this determination, courts should consider factors such as "economy, convenience, fairness, and comity." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (internal quotations and citations omitted).

Defendants argue that the Court should decline to exercise supplemental jurisdiction under Section 1367(c)(2) because Plaintiff's claims under the Unruh Act predominate and under Section 1367(c)(4) because Plaintiff's avoidance of California's High Frequent Litigant Statute provides exceptional circumstances. The Court, however, finds that neither exception warrants the declination of supplemental jurisdiction.

### 1. State-Law Predominance.

State issue predominate if they predominate "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought[.]" *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726-27 (1966). Defendants argue that, because Plaintiff may obtain an award of damages under the California Unruh Act but can only recover injunctive relief under the ADA and because Plaintiff must demonstrate that he personally encountered the alleged barrier under the Unruh Act, state law issues predominate. Although some courts have held that Unruh Act claims predominate over claims under the ADA, this Court finds that those cases finding to the contrary are more persuasive. *Compare Cuddeback*, 262 F. Supp. 3d at 1030 (holding that monetary damages of $36,000 sought by a plaintiff under the Unruh Act substantially predominated over federal injunctive relief sought under the ADA) and *Vogel v. Winchell's Donut*, 252 F. Supp. 3d 977, 986 (C.D. Cal. 2017) (holding that a plaintiff's state-law claims substantially predominated over an ADA claim because the remedies available under state law were more expansive and the ADA claim added no unique remedy to the suit), *with Schoors v. Seaport Vill. Operating Co., LLC*, 2017 WL 1807954 (S.D. Cal. May 5, 2017) (holding that although a plaintiff's Unruh Act claim offered more comprehensive remedies than their ADA claim, the Unruh Act claim did not substantially predominate over the ADA claim because it involved identical facts, witnesses, and evidence) and *Castillo-Antonio v. Hernandez*, 2019 WL 2716289 (N.D. Cal. June 28, 2019) (same).

4

As the court in *Castillo-Antonio* reasoned:

> Though the remedies Plaintiff seeks pursuant to his state-law claims exceed those available under the ADA, the federal and state claims involve nearly identical facts, witnesses, and evidence because Plaintiff's Unruh Act . . . claims are premised on proving a violation of the ADA. . . . To prove his Unruh Act and CDPA claims, Plaintiff need only make an additional showing of the particular occasions on which he encountered the barrier or was deterred from visiting the market to establish statutory damages. . . .Thus, even though the state-law claims provide for more comprehensive remedies, they do not substantially predominate over the ADA claim because the proof required for both the state and federal claims is nearly identical.

*Castillo-Antonio*, 2019 WL 2716289, at *7 (citations omitted). Similarly, here, the proof required for Plaintiff's Unruh Act and ADA claims is nearly identical. Therefore, the Court finds that the Unruh Act claim does not predominate over the ADA claim.

### 2. Exceptional Circumstances.

Defendants also argue that Plaintiff's efforts to avoid the heightened procedural requirements of California's High Frequent Litigant Statute provides exceptional circumstances to decline the exercise of supplemental jurisdiction. The High Frequent Litigant Statute, California Code of Civil Procedure § 425.50, imposes the following pleading requirements:

> (1) complaint must allege whether it is filed by or on behalf of a high-frequency litigator; (2) the number of complaints alleging a construction related accessibility claim that were filed by the high frequency litigator in the past twelve months; (3) the reason the high frequency litigator was in the region of the defendant's business; and (4) the specific reason that the high frequency litigator desired access to the defendant's business. Cal. Code Civ. P. § 425.50(a)(4). Additionally, a high frequency litigator must verify his complaint and pay an additional filing fee. See Cal. Code Civ. P. § 425.50(b); Cal. Gov. Code § 70616.5.

*Johnson v. Morning Star Merced, LLC*, 2018 WL 4444961, at *5 (E.D. Cal. Sept. 14, 2018). Federal Courts have not applied these pleading requirements but instead apply the Federal Rules of Civil Procedure. *Castillo-Antonio*, 2019 WL 2716289, at *9.

There is a split of authority among district courts within the Ninth Circuit on whether the avoidance of California's High Frequent Litigant Statute provides exceptional circumstances. This Court finds persuasive the cases in the Northern District of California which have examined this issue and found that there were no exceptional circumstances warranting declination of

supplemental jurisdiction. *See Castillo-Antonio v. Hernandez*, 2019 WL 2716289, at * 9 (finding that although comity concerns weigh in favor of declining supplemental jurisdiction, considerations of fairness and efficiency outweigh those concerns); *Johnson v. Mariani*, 2017 WL 2929453 (N.D. Cal. July 10, 2017) (same). "[H]aving two proceedings, one in state court and one in federal court, to litigate nearly identical cases would be unduly inconvenient and unfair. An exercise of supplemental jurisdiction would also serve the purpose of judicial economy to avoid the wasteful duplication in parallel proceedings." *Johnson*, 2017 WL 2929453, at *4. Therefore, the Court DENIES Defendants' alternative motion to decline supplemental jurisdiction over the Unruh Act claim.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss and DENIES their alternative motion to decline to exercise supplemental jurisdiction. Plaintiff shall file his amended complaint, if any, by no later than January 29, 2020.

**IT IS SO ORDERED**.

Dated: January 8, 2020

_____
SALLIE KIM
United States Magistrate Judge